# Exhibit A

Case 1:24-cv-24088-KMW Document 1-1 Entered on FLSD Docket 10/22/2024 Page 2 of 44

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CLAUDIA ALESSANDRA ZEGLIO, an
Individual, GIOVANNA ZEGLIO SANTOS
SILVA, an Individual, and ZEGLIO, LLC, a
Florida Limited Liability Company,

      Plaintiff(s),

vs.                            CASE NO.:

EZEQUIEL SAR SHALOM, an Individual,
and SAILBOAT CAY CONDOMINIUM
ASSOCIATION, INC, a Florida Not For
Profit Corporation,

      Defendant(s).

_____/

*(handwritten: 10/04/2024 7:18 pm Heston CVS#10127 INDIVIDUAL)*

## **COMPLAINT**

COME NOW the Plaintiffs, CLAUDIA ALESSANDRA ZEGLIO, an Individual,

GIOVANNA ZEGLIO SANTOS SILVA, an Individual, and ZEGLIO, LLC, a Florida Limited

Liability Company, by and through their undersigned attorney, and sue the Defendants,

EZEQUIEL SAR SHALOM, an Individual, and SAILBOAT CAY CONDOMINIUM

ASSOCIATION, INC, a Florida Not For Profit Corporation, and allege:

### **PARTIES AND VENUE**

1.    This is an action for damages that exceeds the sum of FIFTY THOUSAND

DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value

Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court).

Accordingly, Plaintiff has selected "$50,001 - $75,000" in the civil cover sheet for the "estimated

amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes

only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in

the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury of her peers in accordance with Article 1, Section 21, of the Florida Constitution.

2.      That at all times material hereto Plaintiff, CLAUDIA ALESSANDRA ZEGLIO, was and is a resident and owner of 13499 Biscayne Blvd., Unit 607, North Miami, Miami-Dade County, Florida, 33181.

3.      That at all times material hereto Plaintiff, GIOVANNA ZEGLIO SANTOS SILVA, was and is a resident and owner of 13499 Biscayne Blvd., Unit 607, North Miami, Miami-Dade County, Florida, 33181.

4.      That at all times material hereto Plaintiff, ZEGLIO, LLC, was and is, at all times pertinent to this Complaint, a Florida Limited Liability Company duly organized and existing under the laws of the State of Florida, with its principal place of business located at 13499 Biscayne Blvd., unit 607, North Miami, Miami-Dade County, Florida, 33181; its Registered Agent in the State of Florida is TAXPLACE L.L.C. 13499 Biscayne Blvd., apt #607, North Miami, Miami-Dade County, Florida, 33181.

5.      That at all times material hereto Plaintiff CLAUDIA ALESSANDRA ZEGLIO is the parent of Plaintiff GIOVANNA ZEGLIO SANTOS SILVA, they are mother and daughter respectively.

6.      That at all times material hereto Plaintiff CLAUDIA ALESSANDRA ZEGLIO and Plaintiff GIOVANNA ZEGLIO SANTOS SILVA are managing members of ZEGLIO, LLC, a Florida Limited Liability Company, and together hold ownership of 13499 Biscayne Blvd., unit 607, North Miami, Miami-Dade County, Florida, 33181.

7.     Wherever appearing in this Complaint, each reference to the "Plaintiffs" is intended to be, and shall be, a reference to all Plaintiffs, unless said reference is otherwise specifically qualified.

8.     Upon information and belief, at all times material hereto Defendant, EZEQUIEL SAR SHALOM, was and is a resident of Miami-Dade County, Florida.

9.     Upon information and belief, at all times material hereto Defendant, SAILBOAT CAY CONDOMINIUM ASSOCIATION, INC., was and is, at all times pertinent to this Complaint, a Florida Not For Profit Corporation duly organized and existing under the laws of the State of Florida, with its principal place of business located at 13499 Biscayne Blvd., Suite 219, North Miami, FL 33181; its Registered Agent in the State of Florida is The Jacobs Law Group, 20700 W. Dixie Hwy, Aventura, FL 33180.

10.     Plaintiffs are unaware of the true names and capacities of those sued in this action by fictitious names. Plaintiffs will amend this complaint when those names and/or capacities become known. Plaintiffs are informed and believe that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint. Plaintiffs allege on information and belief that at all material times mentioned in this complaint, each of the defendants was the agent, co-conspirator, and/or employee of each of the remaining defendants and, was at all times relevant, acting within the course and scope of such agency, conspiracy, and employment.

11.     Wherever appearing in this Complaint, each reference to the "Defendants" is intended to be, and shall be, a reference to all Defendants, unless said reference is otherwise specifically qualified.

12.     The incidents that gave rise to this action occurred in Miami-Dade County, Florida.

13.     Venue and jurisdiction are proper in this Court, pursuant to Chapter 47, Florida Statutes.

14.     All other conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

### STATEMENT OF FACTS

15.     Upon information and belief, all Defendants do business and/or reside in Miami-Dade County Florida.

16.     All actions alleged herein against Defendants, its heirs, successors, assigns, or subsidiaries, were made by their employees, agents, or borrowed servants within the course and scope of said employment, agency, or servitude.

17.     At the time of the filing of this lawsuit, the identities of Defendants' employees, agents, or borrowed servants acting within the course and scope of said employment, agency, or servitude, involved in the incident(s) that gave rise to this complaint, are unknown. Plaintiffs will amend this complaint when such employees, agents, or borrowed servants' identities become known.

18.     That at all times material hereto, upon information and belief, the Defendants' employees involved in this incident were acting in the course and scope of their employment.

19.     Plaintiffs are the lawful owners and residents of the condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Miami-Dade County, Florida. Plaintiffs have complied with all relevant laws, regulations, and contractual obligations pertaining to the ownership and occupancy of the property.

20.     Defendants, Ezequiel Sar Shalom and/or Sailboat Cay Condominium Association Inc., collectively conspired and acted in concert to commit egregious, reckless, and willful actions, causing Plaintiffs significant personal and financial harm.

21.     On or around May 2024, Plaintiffs notified the HOA of their intent to move into their unit with their three (3) emotional support dogs, which had been certified and registered in compliance with applicable laws. Despite receiving the necessary documentation, Defendants willfully ignored federal and state housing laws regarding emotional support animals, issuing a blanket denial of accommodations, citing a "no-pet policy" with "no exceptions," in direct violation of the Fair Housing Act.

22.     The denial of reasonable accommodation was not only reckless but also retaliatory. Despite multiple attempts by the Plaintiffs to explain their legal rights, the Defendants refused to engage in any meaningful dialogue, continuing a campaign of harassment.

23.     On or around May 28, 2024, when the Plaintiffs arrived to move into their property with their three (3) emotional support dogs, they encountered a hostile environment, and the Defendants escalated the situation with the following willful and malicious actions:

(a) Denied Plaintiffs access to a parking space and threatened to tow their vehicle if parked in the building's garage, forcing Plaintiffs to park outside the building for weeks, incurring additional costs and emotional distress to the Plaintiffs.

(b) Physically blocked/stopped Plaintiffs' entry into their own unit.

(c) Misrepresented to a police officer that the Plaintiffs had submitted false documents about their emotional support animals.

(d) An HOA employee forcefully threw a luggage cart at Plaintiff Claudia Alessandra Zeglio, causing her physical injury and emotional trauma.

(e) An HOA employee, under the direction of Defendants, concealed the luggage cart, preventing Plaintiffs from using it during their move into their apartment unit.

(f) Due to the lack of a luggage cart, the Plaintiffs were forced to move their belongings manually, resulting in Plaintiff, Giovanna Zeglio Santos Silva sustaining a severe injury to her right knee.

24.     The above-described actions by the Defendants were deliberate, malicious, and calculated to cause harm.

25.     As a result, one of the Plaintiffs' emotional support animals sustained serious injuries, requiring immediate veterinary care, causing both emotional and financial hardship.

26.     Subsequently, Defendant, Ezequiel Sar Shalom, knocked on the door of Plaintiffs' unit and demanded they leave the condominium with their pets. He threatened them with fines and foreclosure, stating he "didn't care about going to court" because the defense funds would come from HOA dues, not his own money. He also reiterated the threat of foreclosure.

27.     On May 29, 2024, in retaliation for the Plaintiffs asserting their rights, Defendants began issuing daily fines of $100 per animal, despite the Plaintiffs complying with all legal requirements for emotional support animals. The HOA manager later sent an email notifying the Plaintiffs of $4,800 in accumulated fines.

28.     Defendants then threatened Plaintiffs with foreclosure and eviction, despite having no legal grounds for such actions. These threats were made in bad faith, intending to intimidate, coerce, and subdue the Plaintiffs.

29.     Throughout this period, Defendants engaged in a pattern of harassment and intimidation, rendering it impossible for Plaintiffs to enjoy their home. The Defendants' actions were willful, malicious, and retaliatory, with reckless disregard for the Plaintiffs' rights under federal, state, and local law.

30.     As a direct result of Defendants' reckless, egregious, and willful misconduct, Plaintiffs suffered severe emotional distress, financial loss, physical injury, and loss of enjoyment of their home. The Defendants' actions were intentional and malicious, in clear violation of the Fair Housing Act, the Florida Fair Housing Act, and other applicable laws.

## COUNT I – BREACH OF CONTRACT

31.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.     At all times material, there existed a valid and enforceable contract between Plaintiffs and Defendant, Sailboat Cay Condominium Association, Inc. (the "HOA") in the form of the HOA's governing documents, including, but not limited to, the Declaration of Condominium, Bylaws, and related rules and regulations governing the management of the condominium and the rights of the unit owners.

33.     Plaintiffs are not currently in possession of all contracts, documents, and agreements pertaining to this case. However, Plaintiffs will seek such documents through discovery and will incorporate them once they become available.

34.     Plaintiffs, as lawful owners of Unit 607 at 13499 Biscayne Blvd., North Miami, Florida, have at all times complied with the terms and obligations imposed upon them by the governing documents of the HOA, including maintaining ownership of the unit in good standing and observing all necessary rules and regulations.

35.     Defendants, including the HOA and its employee/agent, Ezequiel Sar Shalom, breached the contractual obligations contained within the HOA's governing documents by:

(a) Failing to provide reasonable accommodations to Plaintiffs' emotional support animals as required under applicable laws, despite Plaintiffs providing the necessary documentation in compliance with state and federal law.

(b) Denying access to assigned parking spaces, which were contractually owed to the Plaintiffs as owners of the unit, forcing them to park outside the building and incur additional costs.

(c) Issuing fines that were excessive, improper, and unauthorized under the governing documents, despite Plaintiffs' compliance with applicable legal requirements regarding emotional support animals.

(d) Threatening foreclosure and eviction without legal basis, in violation of the HOA's obligations under its governing documents and Florida law.

36.    The breaches by Defendants were willful, reckless, and in bad faith, intending to cause harm to the Plaintiffs and deprive them of the rights and privileges owed to them as lawful owners and residents under the governing documents of the HOA.

37.    As a direct and proximate result of Defendants' breach of contract, Plaintiffs have suffered damages, including but not limited to:

(a) Financial loss, including fines, legal fees, and costs associated with the improper denial of access to parking.

(b) Emotional distress caused by Defendants' malicious and retaliatory actions.

(c) Physical injury sustained as a result of Defendants' breach, including injury to Giovanna Zeglio Santos Silva and harm/damage to Plaintiffs' emotional support animals.

(d) Loss of enjoyment of life and the use of their property.

WHEREFORE, Plaintiffs respectfully demand judgment for damages against Defendants in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand a trial by jury on all issues so triable.

## COUNT II – BREACH OF FIDUCIARY DUTY

38.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.    At all times material hereto, Defendant, Sailboat Cay Condominium Association, Inc. (the "HOA") owed a fiduciary duty to the Plaintiffs, as owners and members of the HOA, to act in the best interest of the condominium association and its members, in accordance with Florida law, the HOA's governing documents, and the duty of good faith and fair dealing.

40.    Defendant, Ezequiel Sar Shalom, as an agent, employee, and/or representative of the HOA, also owed Plaintiffs a fiduciary duty to manage and administer the affairs of the condominium association in a manner that protected the rights and interests of all unit owners, including Plaintiffs.

41.    Defendants breached their fiduciary duty by:

(a) Failing to provide reasonable accommodations for Plaintiffs' emotional support animals, despite being aware of their legal obligations under federal and state law.

(b) Engaging in a pattern of harassment, intimidation, and retaliation against Plaintiffs, which undermined Plaintiffs' rights to peacefully and safely enjoy their property.

(c) Improperly issuing fines against the Plaintiffs, which were excessive, unauthorized, and not imposed in accordance with the HOA's governing documents or applicable law.

(d) Willfully and recklessly threatening foreclosure and eviction, without legal basis, as a means to coerce Plaintiffs into relinquishing their legal rights and interests in their property.

(e) Engaging in acts that demonstrated a complete disregard for the fiduciary obligations owed to the Plaintiffs, thereby placing personal and financial interests above those of the unit owners, including the Plaintiffs.

42.     Defendants breached several fiduciary duties owed to the Plaintiffs, including but not limited to:

(a) Duty of Care: Defendants failed to act with the level of care, skill, and diligence that a reasonably prudent person would use in managing the affairs of the association, including the proper handling of Plaintiffs' requests for reasonable accommodation.

(b) Duty of Loyalty: Defendants acted in their own interests and the interests of certain parties, rather than in the best interest of the association and all unit owners, including Plaintiffs.

(c) Duty of Good Faith: Defendants willfully engaged in bad faith actions, including harassment, retaliatory fines, and threats of foreclosure, designed to intimidate and harm Plaintiffs.

(d) Duty to Act Within Authority: Defendants acted outside the scope of their authority by issuing unauthorized fines, denying rightful access to parking, and threatening foreclosure without legal basis.

(e) Duty of Disclosure: Defendants failed to fully and fairly disclose information relevant to the Plaintiffs, including their rights under the Fair Housing Act and Florida law regarding emotional support animals.

43.     Defendants' breaches of fiduciary duty were intentional, reckless, and conducted in bad faith, resulting in harm to the Plaintiffs.

44.     As a direct and proximate result of the Defendants' breach of fiduciary duty, Plaintiffs have suffered the following damages:

(a) Financial loss, including fines, fees, and costs associated with Defendants' improper conduct.

(b) Severe emotional distress caused by Defendants' continuous harassment and intimidation.

(c) Physical injury to Plaintiffs and their emotional support animals.

(d) Loss of enjoyment of life and the peaceful use of their property.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT III – DECLARATORY ACTION

45.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.     At all times material hereto, Plaintiffs lawfully owned and resided in their condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida, and are entitled to the rights and protections afforded to them under the Fair Housing Act (FHA), 42 U.S.C. §3601 et seq., and the Florida Fair Housing Act, Florida Statutes §760.23(8).

47.     Plaintiffs, as individuals with disabilities, have provided valid documentation certifying their need for emotional support animals in accordance with federal and state law. Defendants, including the Sailboat Cay Condominium Association Inc. (the "HOA") and its employee/agent Ezequiel Sar Shalom, have willfully denied the Plaintiffs' requests for reasonable accommodations, despite having full knowledge of their legal obligations under the FHA and Florida law.

48.     On or around August 2024, all three of the Plaintiffs' emotional support dogs were certified as service animals in compliance with federal and state regulations. This further strengthens the Plaintiffs' legal entitlement to accommodations, including the right to reside in their condominium unit with their service animals.

49.     Defendants have unlawfully denied Plaintiffs the right to have their emotional support animals on their property, by saying a "no-pet policy" with "no exceptions" exists but failed to produce the same. This refusal constitutes a violation of the Plaintiffs' legal rights under the FHA, Florida Fair Housing Act, and other applicable laws, and is causing ongoing harm to Plaintiffs.

50.     Plaintiffs seek a declaratory judgment from this Court to assert their legal right to reasonable accommodations for their three (3) service animals under federal and state law, including but not limited to the right to reside in their condominium unit with said service animals.

51.     Plaintiffs have complied with all conditions precedent to filing this declaratory action.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a declaratory judgment finding that:

(a) Plaintiffs are entitled to reasonable accommodations for their, now, service animals, under the Fair Housing Act and the Florida Fair Housing Act.

(b) Defendants have no lawful basis to deny such accommodations

(c) Plaintiffs may reside in their condominium unit with their service animals without further interference from Defendants.

(d) Defendants are enjoined from issuing fines or taking retaliatory actions related to Plaintiffs' emotional support animals or service animals.

(e) Any other relief this Court deems just and proper.

## COUNT IV – DISABILITY DISCRIMINATION

52.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.     At all times material hereto, Plaintiffs lawfully owned and resided in their condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida, and are individuals with disabilities as defined under the Fair Housing Act (FHA), 42 U.S.C. §3601 et seq., and the Florida Fair Housing Act, Florida Statutes §760.23(8).

54.     Plaintiffs have provided Defendants, with valid and proper documentation regarding their need for emotional support animals to accommodate their disabilities.

55.     Under both federal and Florida law, Plaintiffs are entitled to reasonable accommodations that allow them to use and enjoy their dwelling, including the presence of emotional support animals, which assist with their disabilities.

56.     Defendants, acting with full knowledge of Plaintiffs' disabilities, have willfully and unlawfully refused to provide the reasonable accommodations required by law, despite Plaintiffs' repeated requests and the submission of documentation.

57.     Defendants' refusal to provide these accommodations is in violation of the Fair Housing Act (FHA), 42 U.S.C. §3604(f), which makes it unlawful to discriminate in the terms, conditions, or privileges of a dwelling or to deny reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy their dwelling.

58.     Defendants' actions also violate the Florida Fair Housing Act, Florida Statutes §760.23(8), which similarly prohibits discrimination based on disability and requires reasonable accommodations.

59.     Defendants have engaged in a pattern of discriminatory behavior, including but not limited to:

(a) Denying Plaintiffs' requests for reasonable accommodations for their emotional support animals (which are now service animals).

(b) Issuing excessive and unjustified fines in retaliation for Plaintiffs' exercise of their rights under the Fair Housing Act.

(c) Threatening foreclosure and eviction as a means to coerce Plaintiffs into relinquishing their legal rights.

(d) Creating a hostile living environment by physically blocking access to Plaintiffs' unit, making false accusations to law enforcement, and engaging in verbal harassment and intimidation.

60. Defendants' discriminatory conduct has caused Plaintiffs to suffer significant emotional distress, financial loss, and physical harm.

61. As a direct and proximate result of Defendants' disability discrimination, Plaintiffs have sustained damages, including but not limited to:

(a) Severe emotional distress caused by Defendants' intentional actions.

(b) Financial losses, including legal fees, fines, and costs associated with Defendants' retaliatory conduct.

(c) Physical injury to Plaintiffs and their emotional support animals.

(d) Loss of enjoyment of life and the peaceful use of their property.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter a judgment in their favor and against Defendants for disability discrimination, and award Plaintiffs:

(a) Compensatory damages in an amount to be proven at trial;

(b) Costs and attorneys' fees as permitted by law;

(c) Punitive damages for Defendants' willful and malicious conduct;

(d) Any other relief this Court deems just and proper;

(e) Plaintiffs further demand trial by jury on all issues so triable.

## COUNT V – NEGLIGENCE

62.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63.     At all times material hereto, Defendants, owed a duty of care to the Plaintiffs, as lawful owners and residents of the condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida.

64.     Defendants were responsible for the management, administration, and operation of the condominium, including the maintenance of a safe and habitable living environment and adherence to applicable laws and the HOA's governing documents.

65.     Defendants breached their duty of care owed to the Plaintiffs by engaging in the following negligent acts and omissions:

(a) Failing to provide reasonable accommodations for Plaintiffs' emotional support animals, in violation of federal and state laws.

(b) Denying Plaintiffs access to their assigned parking space, forcing them to park outside the property, incurring costs and inconvenience.

(c) Allowing or directing the improper issuance of unauthorized fines, which caused unnecessary financial hardship.

(d) Engaging in a course of conduct that resulted in emotional and physical harm to the Plaintiffs, including the throwing of a luggage cart at Plaintiff Claudia Alessandra Zeglio, causing her injury.

(e) Failing to supervise and control their employees or agents, who participated in acts of harassment, intimidation, and retaliation against the Plaintiffs.

66. The above breaches of duty by the Defendants were negligent, careless, reckless, willful, and wanton, demonstrating a complete disregard for the Plaintiffs' rights and well-being.

67. Defendants' actions and omissions constitute a breach of the duty of care that a reasonably prudent person or entity would have exercised under similar circumstances in managing and operating a condominium association.

68. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered damages, including but not limited to:

(a) Physical injury to Plaintiffs, including the injuries sustained by Claudia Alessandra Zeglio and Giovanna Zeglio Santos Silva.

(b) Severe emotional distress resulting from Defendants' continuous harassment and negligence.

(c) Financial losses, including legal fees, fines, medical expenses, and other costs incurred due to Defendants' negligent actions.

(d) Loss of enjoyment of life and the peaceful use of their property.

69. As a direct and proximate result of Defendants' negligence, gross negligence, and/or intentional conduct, Plaintiffs have suffered injuries, resulting in pain and suffering, disability, disfigurement, mental anguish, and the aggravation of pre-existing conditions. Plaintiffs have incurred substantial medical expenses for treatment and care, both past, present, and continuing into the future. These losses, injuries, and expenses are permanent or ongoing in nature, and Plaintiffs will continue to endure these damages in the future.

70.     Plaintiffs' injuries and damages were foreseeable and preventable, and resulted directly from Defendants' failure to fulfill their obligations and duties as required under the law.

71.     Plaintiffs are informed, believe, and thereby allege that Defendants were negligent in other respects. Such additional theories and facts will be developed with discovery and further investigation.

**WHEREFORE,** Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable

## COUNT VI – VICARIOUS LIABILITY TO SAILBOAT CAY CONDOMINIUM ASSOCIATION, INC.

72.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73.     At all times material hereto, Sailboat Cay Condominium Association, Inc. (the "HOA") was responsible for the actions of its employees, agents, and representatives, including but not limited to Ezequiel Sar Shalom, and other personnel acting within the course and scope of their employment or agency.

74.     Ezequiel Sar Shalom, acting as the property manager or agent of the HOA, engaged in unlawful, negligent, and reckless conduct as outlined in the preceding counts, including but not limited to:

(a) Failing to provide reasonable accommodations for Plaintiffs' emotional support animals.

(b) Harassing, intimidating, and assaulting Plaintiffs.

(c) Denying Plaintiffs access to their unit and parking space.

(d) Issuing unauthorized fines and threatening foreclosure without legal basis.

75.     At all times material hereto, Ezequiel Sar Shalom and other employees or agents of the HOA were acting within the scope of their employment or agency with the HOA, and their actions were taken in furtherance of the HOA's business and interests.

76.     The HOA is vicariously liable for the negligent, reckless, and intentional acts of Ezequiel Sar Shalom and other employees or agents, as these actions were committed within the course and scope of their employment or agency.

77.     As a direct and proximate result of the unlawful conduct by Ezequiel Sar Shalom and other HOA employees, for which the HOA is vicariously liable, Plaintiffs have suffered damages, including but not limited to:

(a) Bodily injury, pain and suffering, and emotional distress.

(b) Financial losses, including unauthorized fines and medical expenses.

(c) Loss of enjoyment of life and the peaceful use of their property.

78.     As a direct and proximate result of Defendants' negligence, gross negligence, and/or intentional conduct, Plaintiffs have suffered injuries, including pain and suffering, disability, disfigurement, mental anguish, and the aggravation of pre-existing conditions. Plaintiffs have incurred substantial medical expenses for treatment and care, both past, present, and continuing into the future. These losses, injuries, and expenses are permanent or ongoing in nature, and Plaintiffs will continue to endure these damages in the future.

**WHEREFORE,** Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT VII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 78 as if fully set forth herein.

80.     At all times material hereto, Defendants owed a duty of care to the Plaintiffs, as lawful residents and unit owners, to avoid conduct that would foreseeably cause them harm, including emotional distress.

81.     Defendants breached this duty by engaging in negligent, reckless, and intentional conduct, including but not limited to:

(a) Harassing and intimidating Plaintiffs by denying them access to their home and parking space.

(b) Physically assaulting Plaintiff Claudia Alessandra Zeglio by throwing a luggage cart at her, causing injury and emotional trauma.

(c) Issuing unjustified fines and threatening foreclosure, causing significant financial stress and fear of losing their home.

(d) Refusing to accommodate Plaintiffs' emotional support animals, in direct violation of applicable laws.

82.     Defendants' actions created an environment of continuous emotional distress, anxiety, and fear, as Plaintiffs were repeatedly subjected to hostile and unreasonable treatment within their own home.

83.     Defendants' conduct was negligent and reckless, and it was foreseeable that such conduct would cause severe emotional distress to the Plaintiffs.

84.     As a direct and proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional distress, including but not limited to:

(a) Anxiety, mental anguish, and emotional trauma.

(b) Sleep disturbances, fear, and ongoing emotional suffering.

(c) Physical manifestations of stress, including aggravation of pre-existing conditions and other health complications.

85.     The Plaintiffs' emotional distress was a foreseeable consequence of the Defendants' actions, and the Defendants' negligent failure to uphold their duty of care has caused the Plaintiffs significant harm.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## <u>COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

86.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 85 as if fully set forth herein.

87.     At all times material hereto, the Defendants owed a duty to the Plaintiffs to refrain from engaging in extreme and outrageous conduct that would cause severe emotional distress.

88.     Defendants breached this duty by engaging in extreme, outrageous, and intentional conduct designed to cause emotional harm to the Plaintiffs, including but not limited to:

(a) Repeatedly harassing and intimidating Plaintiffs by denying access to their home and assigned parking space.

(b) Physically assaulting Plaintiff Claudia Alessandra Zeglio by throwing a luggage cart at her, causing not only physical injury but also severe emotional trauma.

(c) Making false accusations to law enforcement that Plaintiffs had submitted fraudulent documents, further exacerbating their emotional distress.

(d) Threatening Plaintiffs with foreclosure and eviction, despite having no legal basis, with the intent to instill fear and emotional distress.

(e) Refusing to accommodate Plaintiffs' emotional support animals, knowing full well the critical role these animals played in Plaintiffs' emotional and mental well-being.

89.     Defendants acted with intent, malice, and complete disregard for the Plaintiffs' emotional well-being, knowing or having reason to know that their actions would cause severe emotional distress.

90.     As a direct and proximate result of Defendants' intentional and outrageous conduct, Plaintiffs have suffered severe emotional distress, including but not limited to:

(a) Mental anguish, anxiety, and emotional trauma.

(b) Feelings of helplessness, fear, and ongoing emotional suffering.

(c) Physical symptoms related to stress, including worsening of pre-existing medical conditions.

91.     Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and is intolerable in a civilized community.

**WHEREFORE,** Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT IX - BATTERY

92.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 91 as if fully set forth herein.

93.     At all times material hereto, Defendants, through their agents and employees, owed a duty to Plaintiffs to refrain from engaging in harmful or offensive physical contact.

94.    On or around May 28, 2024, Defendants, through their agents and/or employees, intentionally engaged in harmful and offensive conduct by forcefully throwing and/or pulling away a luggage cart at/from Plaintiff Claudia Alessandra Zeglio, striking her and causing physical injury.

95.    The physical contact initiated by Defendants was intentional, unwarranted, and without Plaintiffs' consent, constituting an unlawful battery.

96.    Defendants' actions were carried out maliciously and with the intent to harm or instill fear in Plaintiff Claudia Alessandra Zeglio. These actions resulted in physical injury, including pain and suffering, as well as emotional distress and mental anguish stemming from the assault.

97.    Defendant Sailboat Cay Condominium Association, Inc., as the employer is vicariously liable for the actions of its agents and employees, who committed the battery while acting within the course and scope of his employment.

98.    Plaintiffs are informed and believe, and therefore allege, that Defendants willfully, maliciously, and recklessly commanded their employees and agents to act in the manner described. Plaintiffs anticipate that further facts and theories supporting this claim will be developed through discovery and continued investigation.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT X - ASSAULT

99.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 98 as if fully set forth herein.

100. At all times material hereto, Defendants, through their agents and/or employees, owed a duty to Plaintiffs to refrain from engaging in conduct that would place Plaintiffs in imminent apprehension of harmful or offensive contact.

101. On or around May 28, 2024, Defendants, through their agents and/or employees, including Ezequiel Sar Shalom, intentionally engaged in threatening and aggressive conduct toward Plaintiff Claudia Alessandra Zeglio, including but not limited to the act of forcefully throwing a luggage cart at her, stopping Plaintiffs from going to their unit, and more.

102. Defendants' actions were intended to and did place Plaintiff Claudia Alessandra Zeglio in imminent apprehension of harmful and offensive contact, causing her to reasonably fear for her safety and well-being.

103. The intentional conduct of the Defendants was carried out with malice and recklessness, knowing that their actions would cause fear of imminent harm to Plaintiff.

104. As a direct and proximate result of Defendants' assault, Plaintiff Claudia Alessandra Zeglio suffered damages, including but not limited to emotional distress, mental anguish, anxiety, fear for her personal safety and well-being, and physical manifestations of emotional trauma.

105. Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the actions of its agents and employees, who committed the assault while acting within the course and scope of his employment.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XI - HARASSMENT

106.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 105 as if fully set forth herein.

107.    At all times material hereto, Defendants, through their agents and/or employees, owed a duty to Plaintiffs to refrain from engaging in a course of conduct that would intentionally cause emotional distress, fear, or undue interference with Plaintiffs' peaceful enjoyment of their property.

108.    Defendants, through their agents and/or employees, including Ezequiel Sar Shalom, engaged in a pattern of harassment directed at Plaintiffs, which included but was not limited to:

(a) Repeatedly denying Plaintiffs access to their assigned parking space and unit.

(b) Making false accusations to law enforcement that Plaintiffs had submitted fraudulent documents.

(c) Issuing unauthorized and excessive fines in retaliation for Plaintiffs asserting their rights.

(d) Verbally threatening Plaintiffs with foreclosure and eviction without legal basis.

(e) Engaging in confrontational and intimidating behavior, including physically blocking Plaintiffs from entering their unit without legal justification.

109.    Defendants' conduct was intentional, willful, and malicious, with the intent to intimidate, harass, and cause emotional distress to Plaintiffs.

110.    Defendants' harassment caused Plaintiffs to suffer severe emotional distress, anxiety, and fear, as well as interference with their right to peacefully enjoy their property.

111.    As a direct and proximate result of Defendants' harassment, Plaintiffs have suffered damages, including but not limited to severe emotional distress, mental anguish, anxiety, fear and

apprehension for their safety and well-being, financial losses, including costs associated with fines and legal fees, and loss of peaceful enjoyment of their home.

112.    Plaintiffs are informed and believe, and therefore allege, that Defendants willfully, maliciously, and recklessly directed their employees and agents to harass Plaintiffs in the manner described. Plaintiffs anticipate that further facts and supporting theories will be uncovered through discovery and continued investigation.

**WHEREFORE,** Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

**COUNT XII - FALSE IMPRISONMENT**

113.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 112 as if fully set forth herein.

114.    At all times material hereto, Defendants, through their agents and/or employees, owed a duty to Plaintiffs to refrain from unlawfully confining or restricting Plaintiffs' movement without consent or legal justification.

115.    On or around May 28, 2024, Defendants, through their agents and/or employees, including Ezequiel Sar Shalom, intentionally and unlawfully blocked and physically restrained Plaintiffs from entering or exiting their own condominium unit by:

(a) Physically obstructing their access to the condominium building and/or their unit.

(b) Threatening Plaintiffs with legal action and physical removal from the premises without legal authority.

116.    Defendants' actions were intended to and did restrict Plaintiffs' freedom of movement, forcing them to remain confined and unable to freely access or leave their property.

117.    Plaintiffs did not consent to this confinement, nor was there any legal basis or justification for Defendants' actions.

118.    As a direct and proximate result of Defendants' false imprisonment, Plaintiffs have suffered damages, including but not limited to:

(a) Severe emotional distress, mental anguish, and anxiety resulting from being unlawfully confined and restricted.

(b) Fear and apprehension for their safety and well-being.

(c) Interference with their right to peacefully access and enjoy their home.

119.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the actions of its agents and employees, who committed false imprisonment while acting within the course and scope of his employment.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XIII - PROPERTY DAMAGE

120.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 119 as if fully set forth herein.

121.    At all times material hereto, Defendants, through their agents and/or employees, owed a duty to Plaintiffs to refrain from engaging in conduct that would cause damage to Plaintiffs' property, including their personal belongings and emotional support animals.

122.    On or around May 28, 2024, Defendants, through their agents and/or employees, including Ezequiel Sar Shalom, willfully and negligently engaged in actions that caused damage to Plaintiffs' property, including but not limited to:

(a) Physically obstructing and preventing Plaintiffs from using the luggage cart, which led to Plaintiffs' forced manual transportation of their belongings, resulting in damage to personal property.

(b) Failing to provide reasonable accommodations for Plaintiffs' emotional support animals, leading to one of Plaintiffs' emotional support dogs sustaining serious physical injury, requiring veterinary care and treatment.

123.    Defendants' actions were reckless, negligent, and intentional, and they directly caused property damage and financial losses to Plaintiffs.

124.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages, including but not limited to:

(a) Damage to personal belongings and property as a result of Defendants' failure to provide necessary accommodations.

(b) Veterinary expenses and medical care required for the treatment of their emotional support animals.

(c) Additional financial costs incurred due to the inability to access appropriate facilities or services.

125.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the actions of its agents and employees, who caused the property damage while acting within the course and scope of his employment.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XIV - DEFAMATION (SLANDER)

126.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 125 as if fully set forth herein.

127.    At all times material hereto, Defendants, through their agents and/or employees, owed a duty to Plaintiffs to refrain from making false and defamatory statements that would harm Plaintiffs' reputation and standing in the community.

128.    On or around May 28, 2024, Defendants, through their agents and/or employees, made false and defamatory statements to a police officer and other third parties, accusing Plaintiffs of submitting fraudulent documentation regarding their emotional support animals.

129.    These statements were made intentionally, maliciously, and with reckless disregard for the truth, and were intended to injure Plaintiffs' reputation and portray them in a negative light.

130.    The false statements made by Defendants were communicated to third parties, including law enforcement officials, with the intent to discredit Plaintiffs and harm their credibility and reputation.

131.    As a direct and proximate result of Defendants' slanderous statements, Plaintiffs have suffered damages, including but not limited to:

(a) Harm to their reputation in the community and among their peers.

(b) Emotional distress, mental anguish, and humiliation caused by the false accusations.

(c) Financial harm, including legal fees and costs incurred to defend against the false accusations.

132.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the slanderous statements made by its agent and employees, who were acting within the scope of his employment when making the defamatory statements.

133.    The false and defamatory statements made by Defendants were unprivileged, and Plaintiffs seek damages for the harm caused by these slanderous remarks.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XV - FRAUDULENT MISREPRESENTATION

134.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 133 as if fully set forth herein.

135.    At all times material hereto, Defendants, through their agents and/or employees, including Ezequiel Sar Shalom, owed a duty to Plaintiffs to act truthfully and refrain from making false or misleading representations regarding Plaintiffs' legal rights and obligations under the governing documents of the condominium association and applicable law.

136.    Defendants, through their agents and/or employees, knowingly and intentionally made false and misleading representations to Plaintiffs regarding their ability to reside in their condominium unit with their emotional support animals, falsely stating that:

(a) The condominium's "no-pet policy" applied to emotional support animals without exception, when in fact, under federal and state law, emotional support animals are entitled to reasonable accommodations.

(b) Plaintiffs were not entitled to reasonable accommodations for their emotional support animals (now service animals), despite Defendants being fully aware of the legal requirements under the Fair Housing Act and the Florida Fair Housing Act.

137.    Defendants made these false representations knowingly and with the intent to deceive Plaintiffs, causing them to rely on these misrepresentations to their detriment.

138.     Plaintiffs reasonably relied on Defendants' misrepresentations, leading them to believe that they were not legally entitled to accommodations for their emotional support animals, and that they could face significant fines, penalties, and legal action as a result.

139.     As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiffs have suffered damages, including but not limited to:

(a) Financial losses, including fines and legal fees incurred in addressing the false claims made by Defendants.

(b) Emotional distress and mental anguish caused by Defendants' deliberate and deceptive conduct.

(c) Loss of their legal right to peacefully reside in their condominium unit with their emotional support animals.

140.     Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the fraudulent misrepresentations made by its agent and employees, who were acting within the course and scope of his employment when making the false statements.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XVI - RETALIATION

141.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 140 as if fully set forth herein.

142.     At all times material hereto, Plaintiffs lawfully owned and resided in their condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida, and are entitled to the rights and protections afforded under the Fair Housing Act (FHA), 42 U.S.C. §3601

et seq., and the Florida Fair Housing Act, Florida Statutes §760.37, which prohibit retaliation against individuals for exercising their rights under housing laws.

143. Plaintiffs, as individuals with disabilities, requested reasonable accommodations for their emotional support animals, which are legally protected under both federal and state law.

144. Defendants, including Sailboat Cay Condominium Association Inc. and Ezequiel Sar Shalom, retaliated against Plaintiffs for exercising their legal rights by:

(a) Denying Plaintiffs' requests for reasonable accommodations for their emotional support animals.

(b) Issuing excessive and unauthorized fines as punishment for Plaintiffs asserting their legal rights.

(c) Threatening foreclosure and eviction without legal basis to coerce Plaintiffs into complying with the Defendants' unlawful demands.

(d) Engaging in a course of conduct intended to intimidate and harass Plaintiffs, including verbal threats, physical intimidation, and making false accusations to law enforcement.

145. Defendants' retaliatory actions were intentional, willful, and in direct violation of the Fair Housing Act and Florida Fair Housing Act, which prohibit retaliatory measures against individuals asserting their rights to fair housing and reasonable accommodations.

146. As a direct and proximate result of Defendants' retaliation, Plaintiffs have suffered damages, including but not limited to:

(a) Severe emotional distress, mental anguish, and anxiety.

(b) Financial losses, including fines, legal fees, and costs incurred as a result of Defendants' retaliatory conduct.

(c) Loss of peaceful enjoyment of their home and emotional support animals.

147.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the retaliatory actions taken by its agents and employees, which were conducted within the course and scope of their employment.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XVII - CONSTRUCTIVE EVICTION

148.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 147 as if fully set forth herein.

149.    At all times material hereto, Plaintiffs lawfully owned and resided in their condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida, and were entitled to the peaceful and quiet enjoyment of their property.

150.    Defendants, including Sailboat Cay Condominium Association Inc. and Ezequiel Sar Shalom, engaged in a course of conduct intended to harass, intimidate, and interfere with Plaintiffs' ability to enjoy their property, which included but was not limited to:

(a) Repeatedly denying Plaintiffs access to their parking space and home.

(b) Issuing unauthorized fines and threatening foreclosure and eviction without legal basis.

(c) Refusing to accommodate Plaintiffs' emotional support animals, despite being legally required to do so under federal and state law.

(d) Engaging in verbal and physical harassment, including falsely accusing Plaintiffs of submitting fraudulent documents and obstructing their entry into the building.

151.    As a result of Defendants' unlawful and retaliatory conduct, Plaintiffs were effectively deprived of their ability to peacefully reside in and enjoy their condominium unit, as they were constantly subjected to threats, harassment, and unreasonable interference.

152.    Defendants' actions created conditions that were intolerable and made it impossible for Plaintiffs to continue residing in their home without fear and distress, amounting to a constructive eviction.

153.    As a direct and proximate result of Defendants' constructive eviction, Plaintiffs have suffered damages, including but not limited to:

(a) Severe emotional distress, mental anguish, and anxiety caused by the hostile environment created by Defendants.

(b) Financial losses, including fines, legal fees, and costs associated with the deprivation of their peaceful enjoyment of their home.

(c) Loss of the use and enjoyment of their condominium unit and property.

154.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the actions of its agents and employees, who acted within the scope of their employment when carrying out the conduct that led to Plaintiffs' constructive eviction.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XVIII - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

155.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 154 as if fully set forth herein.

156.   At all times material hereto, Plaintiffs had a valid and enforceable contractual relationship with Sailboat Cay Condominium Association, Inc. (the "HOA") and the condominium governing documents, which allowed Plaintiffs to lawfully own and reside in their condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida, and to peacefully enjoy their property.

157.   Defendants, including Ezequiel Sar Shalom and others acting on behalf of the HOA, were aware of this contractual relationship and the rights afforded to Plaintiffs under the governing documents, including but not limited to their right to reasonable accommodations for emotional support animals and quiet enjoyment of their property.

158.   Defendants intentionally and unjustifiably interfered with Plaintiffs' contractual rights by:

(a) Refusing to provide reasonable accommodations for Plaintiffs' emotional support animals, despite being required to do so under federal and state law.

(b) Engaging in a course of conduct that included harassment, intimidation, and the issuance of unauthorized fines, which interfered with Plaintiffs' ability to peacefully reside in their unit.

(c) Threatening Plaintiffs with foreclosure and eviction without legal basis, thereby interfering with Plaintiffs' ability to enjoy their contractual rights under the condominium governing documents.

159.   Defendants' actions were willful, malicious, and intended to disrupt Plaintiffs' contractual relationship with the HOA and to coerce Plaintiffs into relinquishing their rights under the contract.

160.    As a direct and proximate result of Defendants' tortious interference with Plaintiffs' contractual relations, Plaintiffs have suffered damages, including but not limited to:

(a) Financial losses, including fines and legal fees incurred in addressing Defendants' wrongful actions.

(b) Severe emotional distress, mental anguish, and anxiety caused by Defendants' interference with Plaintiffs' contractual rights.

(c) Loss of peaceful enjoyment and the rights granted to them under the condominium governing documents.

161.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the tortious actions of its agents and employees, who acted within the course and scope of their employment in interfering with Plaintiffs' contractual relations.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XIX - BREACH OF QUIET ENJOYMENT AND LOSS OF ENJOYMENT OF LIFE

162.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 162 as if fully set forth herein.

163.    At all times material hereto, Plaintiffs had a right to quiet enjoyment of their property, as guaranteed by the condominium governing documents and applicable Florida law, which entitled them to use and enjoy their condominium unit without unreasonable interference, disturbance, or harassment.

164.    The Defendants engaged in a pattern of conduct that intentionally and unlawfully interfered with Plaintiffs' right to quiet enjoyment, including but not limited to:

(a) Repeated harassment and intimidation, including verbal threats, physical obstruction, and unwarranted confrontations.

(b) Denial of access to assigned parking spaces and wrongful issuance of fines and threats of foreclosure, which caused Plaintiffs significant distress.

(c) Refusal to accommodate Plaintiffs' emotional support animals, despite being legally required to do so under federal and state law.

(d) Creating an intolerable living environment through malicious conduct and by falsely accusing Plaintiffs of fraud to law enforcement.

165.    As a result of Defendants' actions, Plaintiffs were deprived of their right to peaceful and quiet enjoyment of their condominium unit, causing significant emotional distress and disruption to their daily lives.

166.    Defendants' conduct directly led to the loss of enjoyment of life for Plaintiffs, resulting in pain and suffering, emotional trauma, and physical manifestations of distress.

167.    As a direct and proximate result of Defendants' breach of Plaintiffs' right to quiet enjoyment and the resulting loss of enjoyment of life, Plaintiffs have suffered damages, including but not limited to:

(a) Severe emotional distress, mental anguish, and anxiety caused by the disruption of their peaceful enjoyment of their home.

(b) Physical manifestations of stress, including the aggravation of pre-existing conditions.

(c) Financial losses, including fines, legal fees, and additional costs incurred as a result of Defendants' unlawful interference with their right to quiet enjoyment.

168.     Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the conduct of its agents and employees that caused the breach of Plaintiffs' right to quiet enjoyment and contributed to their loss of enjoyment of life.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XX - UNLAWFUL FINES

169.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 169 as if fully set forth herein.

170.     At all times material hereto, Plaintiffs lawfully owned and resided in their condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida, and were subject to the condominium governing documents, including the rules and regulations set forth by Sailboat Cay Condominium Association Inc. (the "HOA").

171.     Under Florida Statutes §718.303(3), condominium associations may only impose fines on unit owners if the fines are properly authorized, reasonable, and in accordance with the association's governing documents.

172.     Defendants, including the HOA and Ezequiel Sar Shalom, issued excessive, unauthorized, and unlawful fines against Plaintiffs, including but not limited to:

(a) Imposing daily fines of $100 per emotional support animal despite Plaintiffs' compliance with federal and state law entitling them to reasonable accommodations for their emotional support animals.

(b) Imposing fines without following the proper procedures, including failure to give proper notice or hold a hearing before the imposition of fines, as required by the condominium governing documents and Florida law.

173.    Defendants' imposition of these fines was arbitrary, retaliatory, and in direct violation of the governing documents and applicable law, and was intended to intimidate Plaintiffs and coerce them into relinquishing their legal rights.

174.    As a direct and proximate result of Defendants' unlawful fines, Plaintiffs have suffered damages, including but not limited to:

(a) Financial losses resulting from the payment of unauthorized fines and legal fees incurred to challenge the fines.

(b) Emotional distress, mental anguish, and anxiety caused by the financial burden and the retaliatory nature of the fines.

(c) Interference with their peaceful enjoyment of their home due to the unlawful fines and related threats of foreclosure.

175.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the actions of its agents and employees who imposed the unlawful fines.

**WHEREFORE,** Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## <u>COUNT XXI - CIVIL CONSPIRACY</u>

176.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 176 as if fully set forth herein.

177.   At all times material hereto, Defendants Sailboat Cay Condominium Association Inc., Ezequiel Sar Shalom, and other agents or employees of the HOA, entered into an agreement and acted in concert to commit unlawful acts that were intended to harm the Plaintiffs and interfere with their legal rights.

178.   Defendants conspired together to engage in a course of conduct designed to harass, intimidate, and retaliate against Plaintiffs, which included but was not limited to:

(a) Denying Plaintiffs reasonable accommodations for their emotional support animals, in violation of federal and state law.

(b) Imposing unlawful fines and threatening foreclosure and eviction without legal basis.

(c) Physically and verbally harassing Plaintiffs by obstructing their access to their home and making false accusations to law enforcement.

(d) Intentionally interfering with Plaintiffs' right to peacefully enjoy their home, including malicious acts meant to cause emotional distress and financial harm.

179.   The Defendants' agreement and concerted actions were carried out willfully, maliciously, and with the intent to cause Plaintiffs harm and deprive them of their legal rights, including their right to reside peacefully in their condominium unit.

180.   Defendants' conspiracy resulted in multiple unlawful acts, including but not limited to harassment, defamation, unlawful fines, and tortious interference with contractual relations, all of which were done in furtherance of their common objective to harm Plaintiffs.

181.   As a direct and proximate result of Defendants' conspiracy, Plaintiffs have suffered damages, including but not limited to:

(a) Severe emotional distress, mental anguish, and anxiety caused by Defendants' concerted actions.

(b) Financial losses, including fines and legal fees incurred to defend against Defendants' wrongful acts.

(c) Loss of peaceful enjoyment of their home and interference with their legal rights.

182.    Defendants' actions were done in furtherance of the conspiracy and within the scope of their employment or agency, making Sailboat Cay Condominium Association Inc. vicariously liable for the conduct of its agents, including Ezequiel Sar Shalom.

**WHEREFORE,** Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XXII - WRONGFUL FORECLOSURE THREAT

183.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 183 as if fully set forth herein.

184.    At all times material hereto, Plaintiffs lawfully owned and resided in their condominium unit located at 13499 Biscayne Blvd., Unit 607, North Miami, Florida, and were entitled to the protections afforded to them under Florida Statutes §718.116 and other relevant provisions governing condominium associations.

185.    Defendants, including Sailboat Cay Condominium Association Inc. and Ezequiel Sar Shalom, knowingly and intentionally threatened foreclosure against Plaintiffs' property without any legal basis to do so, as Plaintiffs were in compliance with their obligations under the condominium governing documents.

186.    Defendants issued repeated threats of foreclosure as a retaliatory measure, in response to Plaintiffs exercising their rights to request reasonable accommodations for their emotional support animals and challenging the unlawful fines imposed by the HOA.

187.    Defendants' threats of foreclosure were made with the intent to intimidate, coerce, and harass Plaintiffs, and to force them into compliance with the unlawful demands made by the HOA, including payment of improper fines and the removal of their emotional support animals.

188.    Defendants' foreclosure threats were made in bad faith, without any legal basis, and were intended to deprive Plaintiffs of their right to peaceful enjoyment of their home, causing significant emotional distress and financial harm.

189.    As a direct and proximate result of Defendants' wrongful foreclosure threats, Plaintiffs have suffered damages, including but not limited to:

(a) Severe emotional distress, mental anguish, and anxiety caused by the fear of losing their home due to Defendants' baseless threats.

(b) Financial losses, including legal fees and costs incurred in defending against the wrongful foreclosure threats.

(c) Loss of peaceful enjoyment of their property, as they were subjected to ongoing intimidation and harassment.

190.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the wrongful foreclosure threats made by its agents and employees.

**WHEREFORE,** Plaintiffs respectfully demand judgment for damages against Defendants, in an amount exceeding $50,000.00, together with the costs of this action, any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

## COUNT XXIII - VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

191.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 191 as if fully set forth herein.

192. At all times material hereto, Defendants, including Sailboat Cay Condominium Association Inc. and Ezequiel Sar Shalom, engaged in trade or commerce as defined under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Florida Statutes §501.201, et seq.

193. Defendants engaged in unfair, deceptive, and unlawful practices in violation of FDUTPA by:

(a) Imposing unlawful fines and falsely representing that Plaintiffs were in violation of condominium rules, despite Plaintiffs' compliance with state and federal laws regarding emotional support animals.

(b) Threatening foreclosure and eviction as a means of coercing Plaintiffs into paying unjustified fines and removing their emotional support animals, despite having no legal basis for such actions.

(c) Making false representations to third parties, including law enforcement, regarding the validity of Plaintiffs' documentation, falsely accusing them of submitting fraudulent documents.

(d) Failing to properly follow the association's governing documents and applicable Florida law in administering fines, foreclosure threats, and accommodations for Plaintiffs' emotional support animals.

194. Defendants' deceptive and unfair acts were intended to deceive Plaintiffs and force them to comply with the unlawful demands of the HOA, including paying unjustified fines and removing their emotional support animals from the property.

195. Defendants' actions were willful, intentional, and in bad faith, and were designed to financially and emotionally harm Plaintiffs, while benefiting Defendants.

196.    As a direct and proximate result of Defendants' violation of FDUTPA, Plaintiffs have suffered damages, including but not limited to:

(a) Financial losses, including fines, legal fees, and costs incurred due to Defendants' deceptive and unfair practices.

(b) Severe emotional distress, mental anguish, and anxiety caused by Defendants' coercive and unfair conduct.

(c) Loss of peaceful enjoyment of their home, as they were subjected to ongoing harassment and intimidation.

197.    Pursuant to Florida Statutes §501.211, Plaintiffs are entitled to actual damages resulting from Defendants' deceptive and unfair practices, as well as attorneys' fees and costs.

198.    Defendant Sailboat Cay Condominium Association Inc., as the employer, is vicariously liable for the deceptive and unfair trade practices committed by its agents and employees.

**WHEREFORE**, Plaintiffs respectfully demand judgment for damages against Defendants, including actual damages, attorneys' fees, and costs pursuant to Florida Statutes §501.211, together with any other relief this Court deems just and proper, and further demand trial by jury on all issues so triable.

**DATED** this September 24, 2024.

*/s/ Juan Torrico /s/*

**Juan F. Torrico, Esq.**
Florida Bar No. 1039061
Torrico@priorityjustice.com
QUATTROCHI, TORRES AND TAORMINA, P.A.
950 S. Winter Park Dr., Suite 207
Casselberry, FL 32707
Tel.    (407) 452-4918
Fax:    (407) 505-4245
Pleadings@PriorityJustice.com
Sandra@PriorityJustice.com
*Attorney for the Plaintiff*